IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| TERRENCE WILLIAMS, <br> 1008 Beards Hill Road <br> Aberdeen, Maryland 21001 <br><br> Plaintiff, <br><br> v. <br><br> CELLO PARTNERSHIP D/B/A <br> VERIZON WIRELESS, <br> 1 Verizon Way <br> Basking Ridge, New Jersey 07920 <br><br> Serve On: THE CORPORATION TRUST, INC. <br> 2405 York Rd Suite 201 <br> Lutherville-Timonium, MD 21093 <br><br> Defendants. | CIVIL ACTION NO. ABA 25-CV-1190 |

USDC- BALTIMORE
'25 APR 9 AM 10:54

### Complaint For Breach of Contract, Fraud, Violations of the Fair Credit Reporting Act and Maryland Consumer Protection Act, and Other Relief

**Plaintiff** Terrence Williams, proceeding pro se, files this Complaint against Defendant Cello Partnership d/b/a Verizon Wireless ("Verizon") and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) because Plaintiff is a citizen of Maryland, Defendant is a citizen of New Jersey, and the amount in controversy exceeds $75,000.

2. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the District of Maryland.

HD

Rcv'd by: AK

1

## PARTIES

4. Plaintiff Terrance Williams is a natural person residing in Harford County, Maryland.
5. Defendant Cello Partnership d/b/a Verizon Wireless is a foreign corporation with its principal place of business in New Jersey and is authorized to conduct business in Maryland.

## FACTUAL ALLEGATIONS

6. On or about August 1, 2018, Plaintiff and Defendant entered into a settlement agreement concerning multiple Verizon wireless accounts, under which Verizon agreed to mark accounts as paid in full and update Plaintiff's credit reporting accordingly.
7. Plaintiff maintained a Verizon Fios account until April 2021, when he was wrongfully forced out of his residence. Verizon continued to bill Plaintiff for the Fios service at that address after he vacated, despite being informed of his departure. A new occupant at that address made payments on the Fios account up until October 2021. Plaintiff possesses evidence showing he did not reside at the address beyond April 2021.
8. Plaintiff later opened a new Verizon Wireless account. Due to unresolved issues related to improper charges and prior device payments, Verizon imposed fraud flags and restrictions on this new account. These restrictions directly contributed to the filing of a lawsuit against both Verizon and Asurion in the District Court of Maryland, Case No. D-09-CV-24-009795.
9. That case was primarily based on denied insurance claims by Asurion. Verizon was dismissed from the lawsuit because, per its terms of service, Plaintiff was limited to pursuing claims in small claims court with a $5,000 cap. Plaintiff elected to file a demand for arbitration instead, but Verizon refused to pay the required arbitration fees or respond to the arbitration demand, thereby defaulting under AAA rules.
10. On or about April 4, 2024, Verizon shipped Plaintiff a replacement iPhone 15 Pro Max 512GB, agreeing to also replace his Apple Watch Ultra 2 once the phone was returned. The returned device was received by Verizon on or about April 15, 2024. Despite this, Verizon failed to issue either of the promised replacement devices, leaving Plaintiff without a functioning phone.

11. As a result of Verizon's failure to deliver replacements, Plaintiff was forced to spend $1,700 out-of-pocket to purchase a new phone to avoid being without communication, which created a significant financial hardship.
12. Despite returning the defective device, Plaintiff continues to be billed for the full cost of the phone, and Verizon failed to honor its promises.
13. On February 13, 2025, a Verizon employee named Faith confirmed the improper charges and agreed to cancel them. However, the charges remain, and Verizon now falsely claims Plaintiff owes approximately $1,500.
14. On March 27, 2025, Plaintiff spent over an hour on the phone with Verizon without resolution.
15. Verizon's false reporting and improper charges have affected Plaintiff's ability to obtain credit, caused him to lose financial opportunities, and restricted his account usage.
16. Verizon has repeatedly failed to engage in good faith mediation and dispute resolution, despite its own terms of service requiring such efforts before escalation.
17. Plaintiff attempted to resolve issues related to Verizon Fios Account No. 3562976970001 through mediation. A Verizon representative became aware of this lawsuit and improperly claimed their attorney would now handle the matter, in violation of Verizon's own mediation provisions.
18. Plaintiff previously initiated arbitration with the American Arbitration Association (AAA) pursuant to Judge Carey's earlier order. The arbitration was assigned AAA Case No. 01-24-0007-5469. Verizon was notified and represented by counsel but failed to follow through in good faith. Plaintiff eventually withdrew from arbitration, citing Verizon's non-compliance and refusal to address the matter constructively.
19. Plaintiff has faced systemic obstacles in Maryland state court proceedings, where multiple attempts to waive filing fees under Rule 1-325 were improperly denied based on the perceived merit of his claims, including by Judge Kevin J. Mahoney, despite his financial eligibility.
20. These denials have interfered with Plaintiff's constitutional access to justice, raising equal protection and due process concerns.

21. Plaintiff has previously filed multiple civil complaints against Verizon and others in state court, and believes that continued resistance, improper credit reporting, and device billing constitute harassment, bad faith, and retaliation for asserting his rights.
22. As a result of Verizon's false billing, failure to update records, and incorrect reporting, Plaintiff's Verizon Wireless account has been subjected to fraud flags, spending restrictions, and holds that were unjustified.
23. Verizon has denied Plaintiff access to core services and removed his spending limit, despite having settled past-due balances and billing Plaintiff for Fios services he was not using.
24. These actions have caused financial harm, reputational damage, and ongoing loss of service — all rooted in Verizon's own misconduct.

## CAUSES OF ACTION

Count i – breach of contract

Count ii – fraudulent misrepresentation

Count iii – negligent misrepresentation

Count iv – unjust enrichment

Count v – violation of fair credit reporting act (15 u.s.c. § 1681s-2)

Count vi – violation of duty to mediate in good faith

Count vii – violation of duty to participate in arbitration in good faith

Count viii – retaliation and denial of access to court (42 u.s.c. § 1983)

Count ix – violation of the Maryland consumer protection act (md. Code, comm. Law § 13-301)

Count x – breach of the implied covenant of good faith and fair dealing count xi – declaratory judgment (28 u.s.c. § 2201)

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in the amount of $40,000;

B. Award emotional distress damages in the amount of $35,000;

C. Award punitive damages in the amount of $100,000;

D. Order Verizon to correct Plaintiff's credit report and remove all improper charges;

E. Declare Verizon in breach of its settlement and customer agreement;

F. Declare Verizon failed to fulfill its arbitration and mediation obligations;

G. Declare Plaintiff is not liable for the alleged $1,500 in charges;

H. Enjoin Verizon from continuing deceptive or unfair billing and reporting practices;

I. Award costs, court fees, and pre- and post-judgment interest;

J. Grant any further relief the Court deems just and proper.


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

Terrence Williams
Pro Se, Plaintiff
1008 Beards Hill Rd
Aberdeen, MD 21001
Livinmalife1983@yahoo.com
443-206-5062

Dated: April 7, 2025