IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

TERRENCE WILLIAMS,  :
1008 Beards Hill Road  :
Aberdeen, Maryland 21001  :
 :
    Plaintiff,  :
 : Civil Action No. 1:25-cv-01190-BAH
v.  :
 :
CELLO PARTNERSHIP D/B/A  :
VERIZON WIRELESS,  :
1 Verizon Way  :
Basking Ridge, New Jersey 07920  :
 :
    Defendants.  :

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DECLARATION AND FOR SANCTIONS

Plaintiff Terrence Williams respectfully moves this Court to strike the Declaration of Joseph Ninte submitted by Defendant Verizon Wireless on or about July 14, 2025, and to impose appropriate sanctions pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority. In support of this motion, Plaintiff states:

## I. INTRODUCTION

Defendant Verizon Wireless has submitted a declaration in support of its motion to dismiss or compel arbitration which contains material misrepresentations regarding the status of arbitration between the parties. These false statements, made under penalty of perjury by Verizon's representative Joseph Ninete, contradict not only Plaintiff's documented evidence and court orders, but also Verizon's own procedural history. This conduct undermines the integrity of the judicial process and warrants the relief requested herein.

## II. RELEVANT FACTS

1. On August 27, 2024, the Harford County District Court initially granted Verizon's motion to compel arbitration.
2. Plaintiff appealed that ruling. On December 20, 2024, the Harford County Circuit Court reversed and remanded the case for trial. The District Court lifted the stay on January 10, 2025.
3. Verizon nonetheless submitted a declaration in this Court on July 14, 2025, through Mr. Ninte, falsely asserting that arbitration is "still pending."
4. In truth, AAA administratively closed the arbitration in June 2025, after Verizon failed to participate meaningfully or respond to Plaintiff's objections.
5. Mr. Ninte's declaration also relies on documents bearing a forged signature and referencing transactions unrelated to the current dispute.

Plaintiff has submitted a sworn declaration and exhibits (attached herewith) that directly rebut these misrepresentations.

### III. LEGAL STANDARD

Under **Fed. R. Civ. P. 11(b)**, attorneys and parties are required to certify that filings are based on factual contentions supported by evidence. Filing a declaration that knowingly misrepresents facts to the Court is sanctionable.

Additionally, courts have **inherent authority** to strike documents that are misleading or submitted in bad faith, and to sanction misconduct that abuses the judicial process (Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)).

### IV. ARGUMENT

Mr. Ninte's declaration plainly misstates the status of arbitration. He declares arbitration is pending when the administrative body (AAA) has confirmed the case was closed. Verizon's own attorney filed into the AAA record the very order that was later reversed on appeal — indicating Verizon had actual knowledge of the procedural history. Thus, the misrepresentation is both knowing and material.

Moreover, the declaration seeks to mislead the Court into believing arbitration remains viable, contrary to both judicial orders and Verizon's conduct. This conduct violates Rule 11 and warrants corrective measures.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Strike the Declaration of Joseph Ninete** filed on or about July 14, 2025;
2. **Issue sanctions** pursuant to Rule 11 and its inherent authority, including but not limited to:
   - A written admonishment or reprimand of Verizon's counsel for submitting false evidence;
   - An order directing Defendant to pay reasonable costs and attorney's fees incurred in preparing this motion and opposing Defendant's motion to compel arbitration;
   - An order precluding Verizon from asserting arbitration as a defense going forward, based on its procedural misconduct and waiver;
3. **Award any further relief** the Court deems just and proper to deter future abuse of the judicial process.

## VI. CONCLUSION

Mr. Ninete's declaration constitutes a serious misrepresentation of the procedural record and must be stricken. Sanctions are warranted to preserve the integrity of this Court and discourage similar conduct going forward.

Respectfully submitted,

Terrence Williams
Pro Se, Plaintiff
1008 Beards Hill Rd
Aberdeen, MD 21001
Livinmalife1983@yahoo.com
443-206-5062
Dated:

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of July, 2025, a copy of the foregoing:

- Plaintiff's Motion to Strike Defendant's Declaration and for Sanctions;
- Declaration of Terrence Williams;
- Exhibits A–M; and
- Proposed Order

was served via the Court's CM/ECF electronic filing system on the following counsel of record:

**Thomas V. McCarron, Esq.**
Silverman Thompson Slutkin & White
400 E. Pratt Street, Suite 900
Baltimore, MD 21202
tmccarron@silvermanthompson.com

**Counsel for Defendant Verizon Wireless**

Respectfully submitted,

Terrence Williams
1008 Beards Hill Rd
Aberdeen, MD 21001
443-206-5062
livinmalife1983@yahoo.com
Pro Se Plaintiff