IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TERRENCE WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 25-1190-BAH |
| CELLO PARTNERSHIP D/B/A VERIZON WIRELESS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF 14), DENYING MOTION FOR A TEMPROARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF 11), AND DENYING MOTION TO STRIKE (ECF 9)**

Plaintiff Terrence Williams ("Williams"), proceeding pro se, filed a complaint on April 9, 2025, against Defendant Cello Partnership D/B/A/ Verizon Wireless ("Verizon") alleging that Verizon failed to provide Williams with a phone as promised under the terms of an agreement between the two. ECF 1, at 1–2. Plaintiff also alleges that Verizon is wrongfully claiming that Plaintiff owes $1,500 in charges. *Id.* at 3. In addition, Plaintiff alleges that Verizon's failure to participate in the arbitration process has resulted in Plaintiff "fil[ing] multiple civil complaints against Verizon and others in state court[.]" *Id.* at 4. Plaintiff raises ten claims: breach of contract, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, violation of the Fair Credit Reporting Act, "violation of duty to mediate in good faith," "violation of duty to participate in arbitration in good faith," "retaliation and denial of access to court" in violation of 42 U.S.C. § 1983, violation of the Maryland Consumer Protection Act, and "breach of the implied covenant of good faith and fair dealing." *Id.*

On July 15, 2025, Verizon filed a motion to dismiss or, in the alternative, to compel arbitration. ECF 6. Plaintiff responded by filing a motion to strike a declaration attached to Verizon's motion to dismiss, alleging that the declaration "contains material misrepresentations regarding the status of arbitration between the parties." ECF 9, at 1.[1] Verizon filed a response to this motion, ECF 12, to which Plaintiff replied in turn, ECF 13.

On July 23, 2025, Plaintiff also filed a motion seeking a temporary restraining order ("TRO") "to stop an arbitration proceeding that lacks any legal foundation and is in direct violation of a binding state court order." ECF 11, at 1. In essence, Plaintiff alleges that Verizon is improperly seeking to compel him to participate in arbitration even though , Plaintiff alleges, "the Maryland Circuit Court has already ruled that arbitration is not required." *Id.* at 2. On August 5, 2025, Plaintiff again sought a TRO, as well as a preliminary injunction ("PI"), this time labeling the request an "emergency" but repeating the same arguments raised in his earlier motion. ECF 14, at 1–4. Two days later, Verizon filed a response to Plaintiff's first TRO motion. ECF 15. For the reasons noted below, Plaintiff's motions for a TRO/PI (ECFs 11 and 14) are **DENIED**. Plaintiff's motion to strike, ECF 9, is also **DENIED**.

The Court will first address the TRO/PI motions.[2] "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya*

---

[1] Plaintiff also filed a "notice regarding improper service," alleging that he "was not properly served" with Verizon's motion. ECF 10, at 1.

[2] "Temporary restraining orders and preliminary injunctions serve similar functions and are subject to substantially the same legal standards." *GlaxoSmithKline, LLC v. Brooks*, Civ. No. 22-364-PWG, 2022 WL 2916170, at *1 (D. Md. July 25, 2022). "A preliminary injunction is distinguished from a TRO only by the difference in the required notice to the nonmoving party, and by the duration of the relief it provides." *Id.* (internal citations omitted).

*Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)).  TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  To succeed on a motion for a TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S. at 20).  A district court "is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors."  *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023).

Plaintiff fails to meet to meet at least two of the four *Winter* factors.  First, he has not demonstrated a likelihood of success on the merits.  The TRO/PI motions state in conclusory terms that "[t]here is no valid arbitration agreement," ECF 11, at 2, and that "Maryland state courts have already adjudicated the arbitrability of Plaintiff's claims and expressly rejected it," ECF 14-1, at 2.  However, Verizon's response establishes that the question of whether Plaintiff can be compelled to participate in arbitration is, at best, unsettled.  *See* ECF 15, at 9 ("Moreover, it is undisputed that Plaintiff entered into a binding agreement to arbitrate with Verizon [] in 2023.").  The Court notes that "[t]he Federal Arbitration Act compels courts to ensure parties make good on binding agreements to arbitrate[.]" *Austin v. Experian Info. Sols., Inc.*, No. 23-2301, 2025 WL 2177331, at *10 (4th Cir. Aug. 1, 2025) *(*citing 9 U.S.C. § 2).  Though the Court need not decide the arbitration issue at this preliminary stage of the case, it is clear from the record that Plaintiff

3

has failed to meet his burden to establish that he is likely to succeed on the merits of his arbitration-based claim on which he bases TRO/PI motions. *Winter*, 555 U.S. at 24.

Further, Plaintiff has failed to demonstrate irreparable harm. To establish irreparable harm, a plaintiff "must make a 'clear showing' that [he] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 216 (4th Cir. 2019) (citation omitted). Additionally, the harm "must be irreparable, meaning that it cannot be fully rectified by the final judgment after trial." *Id.* (quotations and citations omitted). And a plaintiff seeking a preliminary injunction has the burden to provide a "clear showing" that the "irreparable harm to be suffered by the plaintiff from a denial of the relief [is] both 'actual' and 'immediate[.]' " *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983)).

Plaintiff alleges that he will be "forc[ed] to expend time and potentially money responding to a proceeding that should not exist" and risks a finding by an arbitrator that may "prejudice [his] rights in this case." ECF 11, at 3. He also alleges that he may suffer "litigation expenses, jurisdictional conflicts, and the risk of an unenforceable or void [of] arbitration award." ECF 14-1, at 3. The Court notes first that Plaintiff largely alleges damages that are both ascertainable and could be remedied by a money judgment. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 428 (D. Md. 2020) ("Generally, irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate."). Further, Plaintiff fails to allege that compelled arbitration is imminent. Indeed, Verizon has filed a sworn declaration by counsel noting that "[t]here has been no preliminary hearing and a scheduling order has not yet issued in the [a]rbitration." ECF 15-1, at 2. Given that Plaintiff has failed to establish a likelihood of success on the merits and has failed

4

to articulate irreparable harm, he fails to establish a right to "extraordinary remedy" sought here. *Winter*, 555 U.S. at 24.  The motions are denied.

As for Plaintiff's motion to strike, ECF 9, Plaintiff seeks to strike a declaration submitted by Verizon in support of its motion to dismiss.  Rule 12(f) allows a trial court to strike from the record "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Plaintiff seeks to strike the declaration of Joseph Ninete, *see* ECF 6-1, which was offered in support of Verizon's motion to dismiss or, in the alternative, to compel arbitration.  Because Verizon is the party seeking to compel arbitration, it "bears the burden of establishing the existence of a binding contract to arbitrate." *Austin*, 2025 WL 2177331, at *4 (quoting *Dhruva v. CuriosityStream, Inc.*, 131 F.4th 146, 151 (4th Cir. 2025)).  Thus, far from being "redundant" or "immaterial," the affidavit attesting to a binding arbitration contract is merely part of Verizon's effort to meet its burden of establishing "the existence of a binding contract to arbitrate the dispute.'" *Id.* (quoting *Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 258 (4th Cir. 2021)).  To be sure, Plaintiff appears to dispute the accuracy of the declaration.  ECF 9, at 2–3.  However, a mere disagreement over what weight the affidavit should be afforded fails to meet the requirements of Rule 12(f).  *See GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 , 2009 WL 2160451, at *10 (E.D. Va. July 17, 2009) (noting that allegations that an affidavit's contents "are false is irrelevant to the motion to strike" since "[t]he inquiry looks to whether the allegations are 'impertinent' or 'scandalous'"). For these reasons, the for a TRO/PI (ECFs 11 and 14) and the motion to strike (ECF 9) are **DENIED**.

Dated: August 8, 2025                          /s/
                                               Brendan A. Hurson
                                               United States District Judge

5